John B. Rives and Lois W. Rives v. Commissioner.
Rives v. Commissioner
Docket No. 21635.
United States Tax Court
1949 Tax Ct. Memo LEXIS 5; 8 T.C.M. (CCH) 1094; T.C.M. (RIA) 49287; December 27, 1949
*5 John B. Rives, pro se. S. Earl Heilman, Esq. for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1947. Deficiency was determined in the amount of $114, with interest in the amount of $5.70. Two issues were formed by the pleadings and tried: (a) Whether the petitioners' minor son was properly claimed by them as a dependent; and (b) whether the Commissioner properly disallowed business expense of $195.40. The petitioners are husband and wife, residents of Birmingham, Alabama. They have a minor son, John E. Rives, aged 14 in the taxable year. During the taxable year the minor son was employed as a delivery boy for a drug store and had a newspaper route and earned gross income in the amount of $500approximately, the difference between the parties being whether the amount was slightly more or slightly less than $500. Section 25 (b) (1) (D), Internal Revenue Code. He earned a total of $500.37 but had expenses of $2.50 for repairs on the bicycle used by him in his work. The boy was an independent contractor. The petitioners in their joint return claimed $195.40 for union dues and assessments, *6 tools, work clothes, local taxes, and depreciation on tools, all of which was disallowed by the respondent for failure to show that the petitioners were not reimbursed therefore by the employer. Section 22 (n) (3) of the Internal Revenue Code. The respondent has now, by letter in the nature of brief filed with the Court, specifically conceded the right of petitioners to claim the minor son as a dependent. The record upon trial is not altogether clear whether the petitioners waived error on the part of the respondent as to the $195.40, but in any event petitioners do not brief the point and we, therefore, consider it waived. Moreover, no evidence was adduced with reference to the $195.40. We, therefore, conclude and hold that the petitioners are entitled to claim their minor son, John E. Rives, as a dependent, but are not entitled to the deduction of the $195.40 expenses as claimed in the return. Decision will be entered under Rule 50.